## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **AZIZ ABOURI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.  EP-15-CV-375** |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **MEGAN J. BRENNAN,** | ) | |
| **POSTMASTER GENERAL OF THE U.S.** | ) | |
| **POSTAL SERVICE,** | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | ) | |
| | ) | |

### COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended (hereinafter "Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices, and to provide appropriate relief to Plaintiff Aziz Abouri, who was adversely affected by such practices when his employer, the United States Postal Service, subjected him to an unlawfully hostile work environment, because of his race, because of his religion and/or in reprisal for his prior protected activity.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant to Section 717(c) and (d) of Title VII as amended, 42 U.S.C. §§ 2000e-16(c) and (d), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment policies and practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas.

## PARTIES

3.      Plaintiff Aziz Abouri is an employee of the United States Postal Service.

4.      At all relevant times, Plaintiff Aziz Abouri was an employee of the United States Postal Service.

5.      Defendant Megan J. Brennan is sued only in her official capacity, as the Postmaster General of the United States Postal Service.

## STATEMENT OF CLAIMS

6.      Plaintiff Aziz Abouri is of Arab race.

7.      Plaintiff Aziz Abouri is Muslim.

8.      Two Equal Employment Opportunity (hereinafter "EEO") Complaints underlie this lawsuit; the first was filed in September, 2014 and the second was filed in April, 2015.

9.      By having filed his two EEO Complaints, Plaintiff engaged in protected activity.

10.     Beginning in at least May 2014, in violation of Title VII, Plaintiff was subjected to an unlawfully hostile work environment, because of his race and/or because of his religion.

11.     There are numerous examples of conduct by Plaintiff's co-workers and supervisors which contributed to that hostile work environment.

12.     For example, on May 24, 2014, during a question and answer session which was held as part of a meeting at which all of Plaintiff's co-workers, managers, and a representative from City Council were present, one of Plaintiff's co-workers asked a general question about sleeper cells, and then pointed at Plaintiff, and said that he was concerned about the fact that Plaintiff was a member of a sleeper cell.

13.     Another of Plaintiff's co-workers repeated the comment during the same meeting.

14.     Management's only response to these comments, during the meeting, was to

2

laugh.

15.     At some point, after the sleeper cell comments at this meeting, Plaintiff's direct supervisor, Chris Alba, singled Plaintiff out for negative conduct by, without any justification, talking to the person who was working next to Plaintiff, and asking if she was "okay" with Plaintiff.

16.     As part of that same interaction, Plaintiff's direct supervisor, Chris Alba, singled Plaintiff out for negative conduct by, without any justification, gesturing to his eyes, and telling Plaintiff, "I'm watching you."

17.     On more than one occasion, Plaintiff's direct supervisor, Chris Alba singled Plaintiff out for negative conduct by asking Plaintiff, and only Plaintiff, in reference to the Malaysian Airlines flight which disappeared, "Where did you disappear the plane?"

18.     Someone singled Plaintiff out for negative conduct by writing the word "sucks" on his locker, and only his locker.

19.     People whom Plaintiff has been unable to identify, have passed by him at work, and whispered "sleeper cell" to him.

20.     Plaintiff's direct supervisor, Chris Alba, also regularly singled Plaintiff out by refusing to call, Plaintiff, and only Plaintiff, by his actual name, calling him instead things like "Z" or "Arez" or "Arubi" or "Ariz Aruibi".

21.     On other occasions, Chris Alba has singled Plaintiff out for negative treatment by refusing to call him, and only him, by any name at all, and instead whistling at and/or for Plaintiff, and only Plaintiff.

22.     After his first EEO Complaint was filed, Complainant continued to be singled out for negative treatment, in various ways.

3

**COMPLAINT**

23.     For example, Chris Alba prevented Plaintiff, and only Plaintiff, from taking his break on time.

24.     Another example of the negative conduct for which Plaintiff continued to be singled out, after filing his first EEO Complaint, was the following:  Chris Alba regularly allowed Plaintiff's co-workers to take their break in teams, or with other people, and regularly prevented Plaintiff from doing those things.

25.     In another example, Chris Alba regularly required Plaintiff to work overtime, although he was not on the overtime list, while allowing other employees, who were and were not on the overtime list, to go home.

26.     Another example of the negative conduct for which Plaintiff continued to be singled out, after his first EEO Complaint, occurred on Thanksgiving Day, when Chris Alba wished Plaintiff, and only Plaintiff, a happy birthday, implying that Plaintiff was a turkey.

27.     Additionally, since the filing of Plaintiff's first EEO Complaint, Chris Alba has singled Plaintiff out for negative treatment by trying to blame Plaintiff for anything which goes wrong in the workplace, by making efforts to have Plaintiff fired, and/or by subjecting Plaintiff to inappropriate discipline.

28.     By trying to blame Plaintiff for anything which goes wrong in the workplace, by making efforts to have Plaintiff fired and/or by subjecting Plaintiff to inappropriate discipline, Chris Alba has engaged in conduct which would dissuade a reasonable person from engaging in protected activity.

29.     By not stopping Chris Alba's attempts to blame Plaintiff for anything which goes wrong in the workplace, and/or Mr. Alba's efforts to have Plaintiff fired, and by allowing Plaintiff to be subjected to inappropriate discipline, since he filed his first EEO Complaint,

4

Defendant has engaged in conduct which would dissuade a reasonable person from engaging in protected activity.

30.     On or about September 11, 2014, Plaintiff Aziz Abouri timely submitted an EEO Complaint of Discrimination in the Postal Service, alleging that he had been subjected to a hostile work environment because of his race and/or his religion.

31.     On or about April 17, 2015, Plaintiff Aziz Abouri timely submitted another EEO Complaint of Discrimination in the Postal Service, alleging that he continued to be subjected to a hostile work environment because of his race and/or his religion and/or that he had been retaliated against for having engaged in prior protected activity.

32.     Plaintiff filed a request for a hearing by the Equal Employment Opportunity Commission (hereinafter "EEOC") of his first EEO Complaint.

33.     This Complaint is filed more than 180 days after Plaintiff's first EEO Complaint was filed, and an appeal has not been filed regarding that EEO Complaint, and final action has not been taken regarding that EEO Complaint.

34.     This Complaint is filed on or before the 90th day following receipt by Plaintiff's Counsel of the Final Agency Decision from the United States Postal Service regarding Plaintiff Aziz Abouri's second EEO Complaint.

35.     All conditions precedent to this institution of this lawsuit have been fulfilled.

36.     To the extent that the unlawfully hostile work environment to which Plaintiff was subjected was created by Plaintiff's co-workers, Defendant U.S. Postal Service is legally responsible for that unlawfully hostile work environment, because Defendant knew, or should have known, about that hostile work environment, and failed to take prompt, effective remedial action.

5

**COMPLAINT**

37.     To the extent that the unlawfully hostile work environment to which Plaintiff was subjected was created by Plaintiff's supervisors, Defendant U.S. Postal Service is legally responsible for that hostile work environment because Defendant cannot prevail on the affirmative defense.

38.     The unlawfully hostile work environment to which Defendant subjected Plaintiff Aziz Abouri, because of his race and/or his religion and/or in retaliation for his prior protected activity, has caused Plaintiff non-pecuniary damages, including but not limited to, emotional pain, suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life.

39.     The unlawfully hostile work environment to which Defendant subjected Plaintiff Aziz Abouri, because of his race and/or his religion and/or in retaliation for his prior protected activity, will cause Plaintiff future non-pecuniary damages, including but not limited to future emotional pain, suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life.

40.     Defendant has engaged in unlawful employment practices, as described in more detail above, in violation of Title VII, 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to an unlawfully hostile work environment, because of Plaintiff's race and/or his religion and/or in reprisal for his prior protected activity.

41.     The effect of the unlawful employment practices complained of above, has been to deprive Plaintiff Aziz Abouri of equal employment opportunities, and the unlawful employment practices complained of above have otherwise adversely affected Mr. Abouri's status as an employee.

42.     The violations of Title VII complained of above were committed intentionally.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Aziz Abouri respectfully requests that this Court:

A.      Order Defendant to make whole Plaintiff Aziz Abouri by providing compensation for his past and future non-pecuniary losses resulting from the unlawful race and/or religion-related employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial;

B.      Order Defendant to take steps to insure that it will stop discriminating and/or retaliating against Plaintiff;

C.      Award Plaintiff Aziz Abouri his attorneys' fees and costs associated with this lawsuit; and

D.      Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff Aziz Abouri requests a jury trial on all questions of fact raised by his Complaint.

Respectfully Submitted

   /s/ Leticia Dominguez
LETICIA DOMINGUEZ
Texas Bar No. 00795741
LDominguez32@elp.rr.com

The DOMINGUEZ LAW FIRM PLLC
5823 N. Mesa #831
El Paso, TX 79912
     Telephone:  (915) 544-7087
     Facsimile:  (915) 544-8305

7

COMPLAINT